UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERVAIZ RAHMAN and § <br> RAUFIA RAHMAN § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> CITIGROUP MORTGAGE LOAN TRUST § <br> INC. ASSET-BACKED PASS-THROUGH § <br> CERTIFICATES, SERIES 2007-AMC4, § <br> U.S. BANK NATIONAL ASSOCIATION § <br> AS TRUSTEE, § <br>     Defendant. § | Civil Action No.  3:21-cv-2740 |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC4, U.S BANK NATIONAL ASSOCIATION AS TRUSTEE ("Defendant" or "U.S. Bank") its successors in interest or assigns, gives notice and hereby removes this action from the 191st Judicial District of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would show unto the Court the following:

### A. Introduction

On October 4, 2021, Plaintiffs Pervaiz Rahman and Raufia Rahman ("Plaintiffs") filed Plaintiffs' Suit to Redeem ("Petition") in the 191st Judicial District Court of Dallas County, Texas, styled *Pervaiz Rahman and Raufia Rahman v. Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC4, U.S. Bank National Association as Trustee,* bearing Cause Number DC-21-14728.

Plaintiffs sued Defendant for: (1) suit to redeem and (2) tortious interference.[1]  Plaintiffs also seek injunctive relief to stop foreclosure of the property at issue.[2]

Defendant was served with process through its registered agent on October 22, 2021. Thus, Defendant timely file this notice of removal within the 30-day time dictated by 28 U.S.C. § 1446(b).

Venue is proper in this Court pursuant to 28 U.S.C. § 1446 because the District Court for the Northern District of Texas, Dallas Division, is the district and division within which this lawsuit is pending.

Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** and incorporated by reference is a true and correct copy of the entire file of record with the Court in the 191st Judicial District Court of Dallas County, Texas, including all process, pleadings, and orders served.

Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the 191st Judicial District Court of Dallas County, Texas, and a copy of this Notice of Removal will also be served on Plaintiffs.  Defendant has filed contemporaneously with this Notice a civil cover sheet and supplemental civil cover sheet and separately signed certificate of interested persons and disclosure statement that complies with FED. R. CIV. P. 7.1.

## B. Basis for Removal

Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.

---

[1] *See* Petition ¶¶ 26-46, attached as **Exhibit A**.
[2] *See* Petition at Prayer.

I.  **Diversity of Citizenship**

Based upon information and belief, pursuant to public records searches and Plaintiffs' Petition, Plaintiffs are citizens of Texas because she is domiciled here.[3] *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

U.S. Bank, which is sued in its capacity as trustee, is a national banking association pursuant to federal law. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980). Pursuant to 28 U.S.C. § 1348, a national banking association is deemed the citizen of its main office. At the time of the filing of the Petition and up through the time of removal, U.S. Bank's main office has been and continues to be located in Ohio under its articles of association. Therefore, U.S. Bank is a citizen of Ohio.

Complete diversity exists in this matter because Plaintiffs (Texas) and U.S. Bank (Ohio) are citizens of different states.  28 U.S.C. §1332(a).

II.  **Amount in Controversy**

<u>Plaintiffs Seek Injunctive Relief</u>

The Petition seeks injunctive relief to stop foreclosure pursuant to TEX. R. CIV. P. 736.11.[4] "In actions seeking declaratory relief of injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."  *Id*.  The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the

---

[3] *See* Petition, ¶¶ 1-2.
[4] *Id.* at Introduction and Prayer.

defendant. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy. *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)). Therefore, the amount in controversy with respect to Plaintiffs' claims is the fair market value of the property.

Moreover, as Plaintiffs seek injunctive relief to bar any foreclosure proceedings,[5] the property is the object of the present litigation. *Farkas v. GMAC Mortgage, L.L.C.,* ---F.3d---, 2013 WL 6231114 (C.A.5 (Tex.)). ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation.") "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* at *5 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

According to the records of Dallas County Appraisal District, the property at issue has an approximate value of $1,218,820.00. A true and correct copy of the Property Search Results from the Dallas County Appraisal District is attached hereto as **Exhibit B** and is incorporated herein, and the Court may take judicial notice of the appraised value of the Property from the Dallas County Central Appraisal District's public website at http://www.dallascad.org by searching using the Property address or Property Account 00000733558000000. *See* FED. R.

---

[5] *Id*.

EVID. 201; *Kew v. Bank of Am., N.A.,* No. H-11-2824, 2012 WL 1414978, at 3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraised value of property published on Harris County Appraisal District's website to satisfy amount in controversy requirement in removed mortgage foreclosure litigation).

### C. Conclusion

Defendant removes this action from the 191st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: /s/*Crystal G. Gibson*
Robert D. Forster, II
State Bar No. 24048470
RobertFO@bdfgroup.com
Crystal G. Gibson
State Bar No. 24027322
CrystalR@bdfgroup.com
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)

Shelley L. Hopkins
State Bar No. 24036497
shelley@hopkinslawtexas.com
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of *Defendant's Notice of Removal* has been served on all parties electronically via CM/ECF on November 4, 2021.

**Via e-service**
Laura Canada Lewis
Canada Lewis & Associates, PLLC
5550 Granite Parkway, Suite 195
Plano, Texas 75024
*Attorneys for Plaintiffs*

                                             */s/ Crystal G. Gibson*
                                               Crystal G. Gibson

## **LIST OF DOCUMENTS ATTACHED**

A. Docket sheet from Case No. CC-21-04426, Civil Case Information Sheet and Plaintiff's Original Petition filed October 15, 2021, all executed processes in the case, if any, all answers, if any, all orders, if any;

B. Printout from Dallas County Central Appraisal District

C. List of All Counsel of Record;

D. Notice of Filing of Notice of Removal to Federal Court filed in the County Court at Law No. 1 of Dallas County, Texas;

E. Disclosure Statement and Certificate of Interested Parties