UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERVAIZ RAHMAN and RAUFIA RAHMAN<br>    Plaintiffs,<br><br>v.<br><br>CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC4, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE,<br>    Defendants | §§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 3:21-cv-2740 |

## DEFENDANT'S COUNTERCLAIM

1. Defendant Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC4, U.S. Bank National Association as Trustee ("U.S. Bank" or "Defendant"), its successors and assigns files this Counterclaim against Pervaiz Rahman and Raufia Rahman complaining of and asserting the following claims and causes of action against them (hereinafter the "Rahmans" or "Obligors").

### A. Parties

2. U.S. Bank is the noteholder and beneficiary of the Deed of Trust by way of assignment. U.S. Bank is a citizen of Ohio and is the party entitled to enforce the Deed of Trust made the subject of this suit.

3. Pervaiz Rahman and Raufia Rahman are obligors on the Note and signed the Deed of Trust made subject of this suit. The Rahmans are residents and citizens of Texas. Plaintiffs are before this Court by way of their lawsuit and may be served through their counsel of record.

## B. Jurisdiction and Venue

4. This Court has jurisdiction over this controversy because the amount at issue is within the jurisdictional limits of the Court. Specifically, there is complete diversity jurisdiction and the amount in controversy exceeds $75,000.00. Therefore, the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because the State Court Action is pending within this district and division. See 28 U.S.C. §1441(a); Also see 28 USC §124(a)(1).

## C. Facts

6. This proceeding concerns a mortgage loan agreement, as the term "loan agreement" is generally defined under TEX. BUS. & COM. CODE § 26.02, created according to TEX. CONST. art. XVI, § 50(a)(6) secured by the property made subject of this suit and described below. On or about December 8, 2006, in order to purchase or refinance the property made subject of this suit, the Rahmans executed a Note[1] ("Note") in the principal amount of $1,080,000.00. Concurrently with the execution of the Note, the Rahmans executed a Deed of Trust[2] ("Deed of Trust ") (together with the Note, the "Loan Agreement"), which secured repayment of the Note by placing a lien on certain real property and improvements located in Dallas County, commonly known as 6422 Turner Way, Dallas, Texas 75230 ("Property") and more particularly described as follows:

> **LOT 10, IN BLOCK B/7453, OF PRESTON CLUB ESTATES, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 15, PAGE 271, PLAT RECORDS, DALLAS COUNTY, TEXAS.**

---

[1] *See* Note attached hereto as Exhibit A.
[2] *See* Deed of Trust attached hereto as Exhibit B.

7. U.S. Bank is the holder of the Note and beneficiary of the Deed of Trust through assignment.[3] Specifically, on November 21, 2007, Citi Residential Lending, Inc. as attorney-in-fact for Argent Mortgage Company, LLC assigned the Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS"). October 17, 2013, MERS assigned the Deed of Trust to U.S. Bank.

8. The Rahmans defaulted under the Note by failing to pay amounts then due and owing. The Rahmans were notified of the default under the Note and demand was made on them to pay the past due amounts owing thereunder.[4] Despite such notice and demand, the Rahmans failed to pay the amounts then due and owing under the Note. Payment of the past due balance on the debt has not been received by U.S. Bank or its mortgage servicer, Cenlar FSB. Because of this default, U.S. Bank accelerated the maturity of the debt.

9. Because the subject loan is a Texas home equity loan, U.S. Bank is required to obtain a Court order to foreclose. TEX. CONST. art. XVI, § 50(a)(6)(D). U.S. Bank first elected to pursue its claim against the Rahmans via the expedited process under Rule 736 of the Texas Rules of Civil Procedure, instead of a judicial foreclosure suit, which is also authorized by the Rule. On September 29, 2021, U.S. Bank obtained a default order authorizing U.S. Bank, its successor or assigns, to proceed with foreclosure of the Property. The Rahmans filed suit in state court prior to the foreclosure sale, which automatically stayed the foreclosure order under Rule 736.11(a) of the Texas Rules of Civil Procedure. U.S. Bank now elects to proceed with this suit for breach of contract and judicial foreclosure.

---

[3] *See* Assignments attached hereto as Exhibit C.
[4] *See* Notice of Default attached hereto as Exhibit D.

### D.  Causes of Action

a.  **Breach of Contract - Default**

10. U.S. Bank incorporates the foregoing paragraphs as if fully stated herein.

11. On or about December 8, 2006, the Rahmans entered into a binding contract with U.S. Bank's predecessor in interest in the form of a Note and Deed of Trust.[5] U.S. Bank is the successor in interest pursuant to an Assignment of Deed of Trust.[6] U.S. Bank is the holder of the Note, the assignee of rights under the Deed of Trust and is the Mortgagee as that term is defined by Tex. Prop. Code §51.0001(4).

12. The Property serves as security for the Rahmans' indebtedness commonly and legally more precisely described in Section C above. The Note was made to purchase or refinance the Property. The Rahmans executed and delivered the Deed of Trust conveying the Property in trust as collateral to secure payment and performance of the separate obligations created under the terms and conditions of the Loan Agreement.

13. Under the terms of the Note[7], the Rahmans are obligated to pay the loan amount as prescribed in the Note and Deed of Trust.

14. U.S. Bank performed completely under the terms of the Loan Agreement when the Loan Agreement was funded, and the Rahmans promised to repay when they signed the Loan Agreement. The Rahmans breached the terms of the Loan Agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement.[8] Payments under the Loan Agreement are contractually due for the July 1, 2019 payment and subsequent payments. Therefore, there has been a material breach of the Loan Agreement. On September 9, 2019, U.S.

---

[5] *See* Exhibits A and B.
[6] *See* Exhibit C.
[7] Exhibit A, at ¶ 3.
[8] *Id.; see also* ¶ 6.

Bank's mortgage servicer, Cenlar FSB, mailed by certified mail to the Rahmans at the Property address a notice of default advising them that the amount to cure the default was $30,040.71. The Rahmans failed to cure the default. As a consequence of the failure to cure the default, U.S. Bank accelerated the maturity of the debt via the filing of its 736 application to foreclose. Therefore, there has been a material breach of the Loan Agreement.

15. In accordance with the Texas Rules of Civil Procedure and the Deed of Trust, U.S. Bank, its successors or assigns seeks judgment allowing it to proceed with the non-foreclosure of its lien against the Property.

   b.   **Non-Judicial Foreclosure**

16. U.S. Bank incorporates the foregoing paragraphs as if fully stated herein.

17. U.S. Bank asserts a cause of action for non-judicial foreclosure. U.S. Bank, as Mortgagee, has the right to enforce the Note and Deed of Trust. U.S. Bank fully performed its obligations under the Loan Agreement; however, the Rahmans did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). The Rahmans were provided with notice of default and intent to accelerate if the default was not cured.[9] The default was not cured and the loan was accelerated. ***To the extent not previously accelerated, and pleading now in the alternative, the maturity date of the Note is accelerated.***

18. Because of a material breach of the Loan Agreement, U.S. Bank, its successors or assigns, seeks an order allowing it to proceed with non-judicial foreclosure pursuant to the terms of the Loan Agreement and TEX. PROP. CODE § 51.002 with respect to all who are obligors of the Loan Agreement or who have an interest in the Property.

---

[9] Exhibit D.

### c. Judicial Foreclosure of the Lien

19. U.S. Bank incorporates the foregoing paragraphs as if fully stated herein.

20. Pleading in the alternative, U.S. Bank asserts a cause of action against the Rahmans for judicial foreclosure. U.S. Bank, its successors or assigns, seeks to judicially foreclose the Property encumbered by the Deed of Trust in accordance with the terms of the Deed of Trust and in accordance with TEX. R. CIV. P. 309, which is adopted by reference in this petition. U.S. Bank is beneficiary of the Deed of Trust, is the Mortgagee of record and the party entitled to enforce the lien. U.S. Bank asserts a cause of action for judicial foreclosure against the Rahmans and seeks judgment allowing U.S. Bank, its successors and assigns, to proceed with foreclosure of its lien against the Property.

### d. Damages

21. U.S. Bank incorporates the foregoing paragraphs as if fully stated herein.

22. Based on the Rahmans' breach of their respective obligations under the Loan Agreement, as of September 10, 2021, U.S. Bank has been damaged in an amount of at least $1,434,305.18 and is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to U.S. Bank under the terms and conditions of the Loan Agreement.

23. The Loan Agreement is a non-recourse debt pursuant to TEX. CONST. art. XVI § 50(a)(6). However, fees, costs and interest can be added to the total debt and collected at the time of foreclosure of the Property pursuant to the terms of the Deed of Trust. Since this Loan Agreement is non-recourse, U.S. Bank seeks no personal liability against the Rahmans. U.S. Bank seeks only a judgment against the Rahmans for an *in rem* interest in the Property.

    **e.**    **Attorney's Fees**

24.    U.S. Bank incorporates the foregoing paragraphs as if fully stated herein.

25.    As a result of the breach of the Rahmans' obligation under the Loan Agreement, U.S. Bank has been required to retain the undersigned legal counsel to institute and prosecute this action.

26.    Under the terms of the Note and Deed of Trust, the Rahmans agreed to pay all reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust, to include any appeal to U.S. Court of Appeals for the Fifth Circuit or an appeal to the U.S. Supreme Court. Pursuant to the terms of the Deed of Trust, Notecraft is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

### E.    Conclusion

WHEREFORE, PREMISES CONSIDERED, U.S. Bank, its successors or assigns, prays the Court grant the relief requested herein, grant U.S. Bank, its successors and assigns an order allowing foreclosure of the Property, and that Plaintiffs take nothing by way of their claims. U.S. Bank further prays that it be awarded such other relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: /s/*Crystal G. Gibson*
Robert D. Forster, II
State Bar No. 24048470
RobertFO@bdfgroup.com
Crystal G. Gibson
State Bar No. 24027322
CrystalR@bdfgroup.com
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)

Shelley L. Hopkins
State Bar No. 24036497
shelley@hopkinslawtexas.com
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of *Defendant's Counterclaim* has been served on all parties electronically via CM/ECF and / or by U.S. Certified Mail, return receipt delivery, on November 4, 2021.

**Via e-service**
Laura Canada Lewis
Canada Lewis & Associates, PLLC
5550 Granite Parkway, Suite 195
Plano, Texas 75024
*Attorneys for Plaintiffs*

                */s/ Crystal G. Gibson*
                  Crystal G. Gibson